UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. _____ -CIV-_____

**00-6018**
**CIV-GRAHAM**
...MAGISTRATE
TURNOFF

VICTOR L. ANDERSON, CRISPINA ASHBY,
JAMIE ELLIS, GEORGE RODRIGUEZ
and HAYES D. SULLIVAN,

FILED by _____ D.C.
DKTG

JAN  6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    Plaintiffs,

vs.

BARTON PROTECTIVE SERVICES INCORPORATED,

    Defendant.

_____/

## COMPLAINT

Plaintiffs VICTOR L. ANDERSON, CRISPINA ASHBY, JAMIE ELLIS, GEORGE RODRIGUEZ and HAYES D. SULLIVAN, for and in behalf of themselves and other employees similarly situated, sue the Defendant BARTON PROTECTIVE SERVICES INCORPORATED and allege:

1.    This is an action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., hereinafter referred to as "the Act."

**Law Offices of Donald R. McCoy** • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211



2.   Jurisdiction of this action is conferred upon the Court by section 16(b) of the Act [29 U.S.C. 216 (b)] and by 28 U.S.C. 1331.

3.   Defendant BARTON PROTECTIVE SERVICES INCORPORATED, is a Georgia corporation with its principal office address located at 11 Piedmont Center, Suite 410, Atlanta, Georgia 30305.   At all times material to this action the Defendant was engaged in providing security guards and protective services to business establishments, manufacturing facilities and residential properties.

4.   At all times material to this action, Defendant has done business and is doing business in Broward County, Florida; Palm Beach County, Florida; and Dade County, Florida within the jurisdiction of this Court.   Defendant maintains branch offices within the state of Florida, including but not limited to branch offices in Deerfield Beach, Florida and Miami, Florida.

5.   The Plaintiffs are individuals who were employed by the Defendant as security officers during the respective periods set forth below.   At all times material to their respective causes of action, each Plaintiff resided in and/or was employed by the Defendant in, Broward County, Florida.

6.   At all times material to this action the business activities of the Defendant, including those described in paragraphs 3, 4 and 5 above, were related and performed (through unified operation and common control) for a common business purpose.   Said business activities, therefore, are and were an "enterprise" within the meaning of §3(r) of the Act [29 U.S.C. 203(r)].

-2-

7. At all times material to this action, the said enterprise had employees engaged in commerce or in the production of goods for commerce, including (a) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and (b) employees in closely related occupations directly essential to the production thereof.

8. At all times material to this action, the said enterprise had an annual gross volume of sales made or business done which was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

9. The said enterprise is, and at all times material to this action, has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of §3(s)(1) of the Act [29 U.S.C. 203(s)(1)].

10. Defendant employed Plaintiff VICTOR L. ANDERSON as a security officer and as a captain during the period from on or about January 21, 1999 through the present.

11. Defendant employed Plaintiff CRISPINA ASHBY as a security officer during the period from on or about June 26, 1997, through approximately August, 1999.

12. Defendant employed Plaintiff JAMIE ELLIS as a security officer and as a sergeant during the period from on or about December 3, 1998, through approximately May, 1999.

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

13. Defendant employed Plaintiff GEORGE RODRIGUEZ as a security officer and as a supervisor during the period from approximately December, 1997, through the present.

14. Defendant employed Plaintiff HAYES D. SULLIVAN as a security officer during the period from on or about March 22, 1997, through the present.

15. Defendant employed each Plaintiff during his or her respective period of employment in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours in certain workweeks.

16. During their respective periods of employment and continuing to the present the Defendant failed to pay the Plaintiffs compensation for all of their hours of employment in excess of forty hours in certain workweeks at a rate not less than one and one-half times the respective regular rate at which he or she was employed, as required by the overtime provisions of §7(a) of the Act [29 U.S.C. 207(a)].

17. Among other things, Defendant required all security officers, including but not limited to the Plaintiffs, to report for duty fifteen (15) minutes prior to the starting time for their assigned shifts to be briefed and receive information from the shift they were relieving, to review instructions and incident reports and to perform other compensable work which was an integral part of the principal activities they were employed to perform. Defendant failed to record or pay for such compensable work time, and therefore failed to pay the

-4-

Plaintiffs overtime compensation for all of their time in excess of forty hours in certain workweeks.

18.   Defendant required certain of the Plaintiffs to perform other compensable work which was an integral part of the principal activities they were employed to perform, without recording or paying for such time. Additional unpaid overtime compensation is due for such compensable, unpaid working time which includes but is not limited to time spent attending mandatory meetings, training programs and similar activities directly related to the Plaintiffs' jobs and predominately for the benefit of the employer; conducting post inspections; preparing and submitting payroll and other documents; and picking up and distributing paychecks.

19.   Plaintiffs are informed and believe, and therefore allege that, during the same periods and continuing through the present, Defendant employed other employees in similar positions and under similar circumstances, for workweeks longer than forty (40) hours without paying them compensation for all of their hours of employment in excess of forty (40) hours in certain workweeks at a rate not less than one and one-half times the respective regular rate at which each was employed, as required by §7(a) of the Act [29 U.S.C. 207(a)].

20.   As a result, Defendant is liable to Plaintiffs and to its other similarly situated employees for unpaid overtime compensation in an amount to be determined by the Court and an additional equal amount as liquidated damages,

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

as well as for a reasonable attorney's fee and the costs of this action, as provided in §16(b) of the Act [29 U.S.C. 216(b)].

21.   Defendants have violated and are violating the provisions of §§11(c) and 15(a)(5) of the Act [29 U.S.C. 211(c) and 215(a)(5)] by failing to make, keep and preserve such records as are prescribed by the Secretary of Labor under the Act, in that the Defendant failed to record and pay for all hours worked by the Plaintiffs and its other similarly situated employees.

22.   Each cause of action for unpaid overtime compensation alleged herein is a cause of action arising out of a willful violation of the Act, within the meaning of §6(a) of the Portal-to-Portal Act of 1947 [29 U.S.C. 255(a)].

WHEREFORE, cause having been shown, Plaintiffs pray for judgment against the Defendant and in favor of Plaintiffs and such other similarly situated employees and former employees of the Defendant who consent in writing to become a party to this action, as provided in section 16(b) of the Act [29 U.S.C. 216 (b)] in the respective amounts of unpaid overtime compensation and liquidated damages each is due under the Act, plus a reasonable attorney's fee and the costs of this action, and for such other and further relief as is provided in the Act.

-6-

## JURY DEMAND

Plaintiffs demand trial by jury as to all issues alleged above.

Respectfully submitted this _____ day of January, 2000.

> DONALD R. McCOY, P. A.
> 420 N. E. Third Street
> Fort Lauderdale, Florida 33301
> (954) 522-4211
>
> Attorney for Plaintiff
>
> By_____
>     Donald R. McCoy
>     Florida Bar No. 887862

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Victor L. Anderson, Crispina Ashby
Jamie Ellis, George Rodriquez
and Hayes D. Sullivan

**DEFENDANTS**

Barton Protective Services Incorporated

00-6018
CIV-GRAHAM
MAGISTRATE
TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DONALD R. McCOY, P.A.**  (954)
**420 N.E. Third Street**   522-4211
Ft. Lauderdale, Florida 33301

ATTORNEYS (IF KNOWN)

FILED by _____ D.C.
DKTG
JAN 6 2000
CLARENCE MADDOX

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. §201. Action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act.

**IVa.** __5__ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A  CONTACT | A  TORTS | B  FORFEITURE PENALTY | A  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 States Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 362 Personal Injury-Med Malpractice | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury-Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **A  PROPERTY RIGHTS** |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) B | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending  B | [ ] 660 Occupational Safety/Health | **B  SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **A  LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12USC3410 |
| [ ] 195 Contract Product Liability | | | [X] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **A  REAL PROPERTY** | **A  CIVIL RIGHTS** | **B  PRISONER PETITIONS** | [ ] 720 Labor Management Relations B | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| | | | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **A  FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure  B | [ ] 442 Employment | Habeas Corpus | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General * | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other * | | | [ ] 890 Other Statutory Actions * |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- [X] 1. Original Proceeding
- [ ] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION** [ ] UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint: [X] YES

**JURY DEMAND:** [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
January 6, 2000

SIGNATURE OF ATTORNEY OF RECORD
_Donald R. McCoy_

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518230

Date Paid: 1/6/00

Amount: 150.00

M/ifp: _____