IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6018-CIV-GRAHAM
MAGISTRATE JUDGE TURNOFF

VICTOR L. ANDERSON, CRISPINA
ASHBY, JAMIE ELLIS, GEORGE
RODRIGUEZ and HAYES D. SULLIVAN,

    Plaintiffs,

v.

BARTON PROTECTIVE SERVICES
INCORPORATED,

    Defendants
_____/

## ANSWER AND AMENDED AFFIRMATIVE DEFENSES

Defendant, BARTON PROTECTIVE SERVICES INCORPORATED ("Barton"), by undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby responds to the separately numbered paragraphs in the Complaint filed by Plaintiffs herein as follows:

1.    Defendant admits for jurisdictional purposes the allegations contained in paragraphs 1 and 2 of Plaintiffs' Complaint.

2.    Defendant admits the allegations contained in paragraphs 3 and 4.

MI466077.1

3. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 5, therefore, denies same.

4. Defendant denies paragraphs 6, 7, 8 and 9 of Plaintiffs' Complaint.

5. Defendant admits that the individuals identified in paragraphs 10, 11, 12, 13 and 14, are employed or were formerly employed by Defendant, however, Defendant cannot admit or deny the precise dates of employment or positions held at this time and reserves the right to amend its answer to these paragraphs.

6. Defendant denies the allegations contained in paragraphs 15, 16, 17, 18, 19, 20, 21 and 22 of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motion directed to the allegations in the Complaint. The Complaint fails to set forth any claim upon which relief can be granted. Defendant reserves the right to make application to the Court prior to trial to move to dismiss the Complaint.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant at all times acted in good faith and had reasonable grounds to believe that its actions were in compliance with the Fair Labor Standards Act of 1938.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred and/or Plaintiffs' recoverable damages are limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. One or more Plaintiffs were exempt employees and therefore were not entitled to overtime pay pursuant to the Fair Labor Standards Act of 1938.

### SIXTH AFFIRMATIVE DEFENSE

6. The time Plaintiffs claim as unpaid and compensable was de minimis. Accordingly, Plaintiffs are not entitled to the relief sought in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7. The time Plaintiffs claim as unpaid and compensable was preparatory and conclusory and not for the benefit of the Defendant. Accordingly, Plaintiffs are not entitled to the relief sought in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. The time Plaintiffs claim as unpaid and compensable was for attendance at meetings for which attendance was outside the Plaintiffs' regular working hours, attendance was

voluntary, the meetings were not directly related to the Plaintiffs' jobs and the Plaintiffs did not perform any productive work during such attendance. Accordingly, such time is not compensable.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Defendant Barton Protective
  Services, Inc.
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
e-mail: cwelstead@akerman.com
lrosenberg@akerman.com

By: _____
Christine L. Welstead
Florida Bar No.: 970956
Lauren B. Rosenberg
Florida Bar No.: 987824

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 28th day of January, 2000 to: Donald R. McCoy, Esq., 420 NE 3rd Street, Ft. Lauderdale, FL 33301.

_____
Attorney