UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6018-CIV-GRAHAM
MAGISTRATE JUDGE TURNOFF

FILED BY _____ D.C.
INTAKE
00 MAR 10 PM 4: 15

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

VICTOR L. ANDERSON, CRISPINA ASHBY,
JAMIE ELLIS, GEORGE RODRIGUEZ
and HAYES D. SULLIVAN,

    Plaintiffs,

vs.

BARTON PROTECTIVE SERVICES INCORPORATED,

    Defendant.
_____/

## JOINT STATUS REPORT

The parties submit the following Joint Status Report as directed by the Court in its Notice of Status Conference dated February 4, 2000.

1. **Nature of the Claim and any Counterclaim, Cross-Claim or Third Party Claim.** This is an action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., hereinafter referred to as "the Act" or "the FLSA". The Plaintiffs are employees and former employees of the Defendant who allege that Defendant failed to record and pay them for all of the overtime hours they worked. There are no counterclaims, cross-claims or third party claims.

Plaintiffs brought this action on behalf of themselves and other employees who are similarly situated, as permitted by section 16(b) of the Act [29 U.S.C. 216 (b)]. The amount of damages claimed is uncertain at present because



Plaintiffs have not yet identified all similarly situated security officers who wish to become Plaintiffs in this action.

**2.    Summary Of Undisputed Facts.**

a.   Defendant Barton Protective Services Incorporated, is a Georgia corporation with its principal office address located at 11 Piedmont Center, Suite 410, Atlanta, Georgia 30305, and with branch offices in Deerfield Beach, Florida and Miami, Florida.

b.   Defendant provides security guards and protective services to business establishments, manufacturing facilities and residential properties.

c.   The Plaintiffs are individuals who were employed by the Defendant as security officers at various posts in the Defendant's Florida Division. Their respective periods of employment with the Defendant cover the approximate period from March, 1997 to the present.

**3.    Summary of the Issues**

a.   Whether at all times material to this action the business activities of the Defendant constituted an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of §3(s)(1) of the Act [29 U.S.C. 203(s)(1)] and were therefore subject to the overtime provisions of the Act.

b.   Whether any of the Plaintiffs is exempt from the overtime provisions of the FLSA.

c.   Whether the Defendant paid the Plaintiffs, and other similarly situated security officers, for all of the overtime hours they worked.

d.  If not, the amount of unpaid overtime compensation which is due the Plaintiffs and each similarly situated employee and former employee of the Defendant who consents in writing to become a party to this action, as provided in section 16(b) of the Act [29 U.S.C. 216 (b)].

e.  Whether an additional equal amount should be awarded as liquidated damages as provided in section 16(b) of the Act [29 U.S.C. 216 (b)].

**4.  Pending Motions.**

None at present.

**5.  Progress of Discovery.**

Defendant has served interrogatories on each Plaintiff. The parties agree that the case will be ready for trial in approximately March, 2001.

**6.  Projected Time Necessary For Trial.**

Plaintiff estimates 5 days will be necessary for both sides to try the case. The precise amount of trial time will depend to some extent on how many additional security officers elect to become Plaintiffs, although the number of additional Plaintiffs, if any, is not anticipated to significantly lengthen the trial.

Plaintiffs have requested a jury trial.

**7.  Legal Or Factual Aspects Of The Case Requiring Special Consideration By the Court.**

None at Present.

**8.  Status of Any Potential Settlement.**

The parties are discussing a possible settlement.

9a. **The Parties Will Elect To A Magistrate Judge For:**

(i) Final Disposition of Motions For Costs and Attorneys Fees

9b. **Issues Which Should Be Referred To A Special Master Or Magistrate Judge.**

None at present.

Respectfully submitted this 10th day of March, 2000.

DONALD R. McCOY, P. A.
420 N. E. Third Street
Fort Lauderdale, Florida 33301
(954) 522-4211

Attorney for Plaintiff

By: _____
Donald R. McCoy
Florida Bar No. 887862

AKERMAN, SENTERFITT & EIDSON, P.A.
SunTrust International Center--28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: _____
Christine L. Welstead
Florida Bar No. 970956
Lauren S. Rosenberg
Florida Bar No. 987824