UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6018-CIV-GRAHAM

VICTOR L. ANDERSON, CRISPINA ASHBY,
JAMIE ELLIS, GEORGE RODRIGUEZ
and HAYES D. SULLIVAN,

    Plaintiffs,

vs.

BARTON PROTECTIVE SERVICES INCORPORATED,

    Defendant.

_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

Plaintiffs filed this action under §16(b) and the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201 et seq. (hereinafter referred to as "the Act" or "the FLSA"), to recover unpaid overtime compensation and liquidated damages "for and in behalf of themselves and other employees similarly situated." The Act specifically authorizes them to seek such relief and provides for the inclusion of other similarly situated employees.

In their Complaint, Plaintiffs allege that the Defendant willfully failed to pay proper overtime to its hourly paid security officers, including themselves, by failing to record and pay them for all of the time they were required to work.

### I. STATEMENT OF FACTS

Plaintiffs worked for the Defendant as security officers. Their respective periods of employment cover a continuous span of approximately two years,



beginning March 22, 1997, and continuing through the date they filed their Complaint, January 10, 2000. (Complaint, paragraphs 10 through 14; Answer, paragraph 5).

The Plaintiffs allege that the Defendant paid each of them overtime compensation only when his or her <u>recorded</u> hours of work exceeded forty in a particular workweek. They further allege, however, that the Defendant systematically failed to record a substantial portion of their regular working time, would not allow the Plaintiffs to record it and refused to pay them for it.

Specifically, Plaintiffs allege that the Defendant required each security officer to report for duty and begin working at his or her post at least fifteen minutes prior to the beginning of the assigned shift. (Complaint, paragraph 17). In addition, they allege that the Defendant required certain of the Plaintiffs to attend meetings, to conduct random post inspections, to pick up and deliver payroll records and to distribute employee paychecks on their own time. As with the early reporting, Defendant did not record or pay for any of this additional work time. (Complaint, paragraph 18).

Plaintiffs submit herewith the Affidavit of Cherry Faulk, showing that she also worked for the Defendant and was subjected to similar practices from approximately June, 1999, through July, 2000. Accordingly, Plaintiffs move to amend their Complaint to add Ms. Faulk as a party Plaintiff and to allege that the Defendant is liable to her for additional unpaid overtime compensation and liquidated damages.

Ms. Faulk also states in her affidavit that when she resigned, the Defendant reduced her hourly rate of pay for the last three days she worked from $8.00 to the minimum wage, $5.15 per hour. In that she worked additional unrecorded time during these three days, for which she was not paid at all, Plaintiffs further move to amend their Complaint to allege a violation of the minimum wage provision of the Act, 29 U.S.C. §206.

When one of the original Plaintiffs, Victor Anderson, left the company the Defendant similarly reduced his rate of pay to the minimum wage for the last days that he worked. For the same reason, Plaintiffs wish to supplement their Complaint to allege that this constitutes a minimum wage violation.

Another of the original Plaintiffs, George Rodriguez, was fired by the Defendant shortly after the Complaint in this matter was filed. At that time, Plaintiff George Rodriguez had worked for Barton Protective Services without incident for two years. He had received promotions, pay increases and commendations for his service at a residential community known as Hollywood Oaks, where the Defendant had a long term contract.

On or about February 14, 2000, Defendant informed him without warning that he was being transferred to another post. Mr. Rodriguez objected that this action was being taken in retaliation for his participation in the filing of the Complaint in this action. The Defendant terminated his employment on or about March 2, 2000.

Plaintiffs seek leave to amend their Complaint to allege that this subsequent action of the Defendants constitutes unlawful retaliation which is specifically prohibited by the Act.

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

## II. ARGUMENT

### A. The Court Should Allow The Plaintiffs Leave To Add Ms. Faulk As A Party Plaintiff And To Amend The Complaint To Allege Minimum Wage Violations.

Ms. Faulk's claim for additional compensation for unrecorded work time is substantially similar to the claims of the original Plaintiffs, in that it is based upon the Defendant's alleged failure to record and pay for certain hours of work. Her affidavit states facts which would support a finding of violation of both the minimum wage and the overtime provisions of the Act.

Early reporting time has been held to be compensable in similar circumstances, see e.g. Birdwell v. City of Gadsen, Alabama, 970 F. 2d 802, 804-805 (11th Cir. 1992); Local 889, AFSCME v. State of Louisiana, 145 F.3d 280, 283 (5th Cir. 1998). When it results in a workweek exceeding 40 hours per week and is not paid for at one and one-half times the employee's regular hourly rate, this practice violates §7 of the Act, 29 U.S.C. §207; for which private - sector employees may recover unpaid overtime compensation. United States Steel Co. v. Burkett et al., 192 F.2d 489 (4th Cir. 1951). (Slightly different rules pertain to public-sector employees; under appropriate circumstances a governmental employer may allow compensatory time off instead of paying for the overtime hours).

Depending on the employee's rate of pay, failure to record and pay for all hours worked may also reduce his or her pay to below the minimum wage, see e.g. McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 447 (M.D. Fla. 1988). This occurred for Ms. Faulk and Mr. Anderson when the company reduced their

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

hourly rate to the minimum but then paid them for less than all of the time they worked.

The FLSA specifically authorizes a collective action to recover such unpaid wages. Section 16(b) of the Act provides that an employer who violates §§6 and 7 of the Act shall be liable to the employee or employees who are affected "in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Further, an action to recover such liability" may be maintained against any employer . . . by any one or more employees **for and on behalf of himself or themselves and other employees similarly situated."** 29 U.S.C. §216(b) (1996) (emphasis added).

An action on behalf of others under the FLSA differs from a class action under Rule 23, Fed. R. Civ P, in certain respects. In particular, a Rule 23 notice will generally advise each member of the Class that the Court will exclude him from the class if the member so requests by a specified date. Rule 23(c)(2). Instead, the Portal-to-Portal Act of 1947 requires that class members must affirmatively "opt in" to join an FLSA suit by filing a written consent to become a party plaintiff:

> "[In} the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended . . . it shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent is filed in the court in which the action was commenced."

"A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources . . . . The judicial system

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . . activity." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The broad remedial purpose of the FLSA is best served if those similarly situated individuals are permitted to participate in a collective action. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Leave to amend pleadings "shall be freely given when justice so requires", Rule 15(a), Fed. R. Civ. P. Supplemental pleadings setting forth transactions or occurrences which happened since the date of the original pleading also are permitted, Rule 15(d), Fed. R. Civ. P. Accordingly, the Court should allow the addition of Ms. Faulk as a Plaintiff and the amendment to add allegation that the Defendant's conduct also violated the minimum wage provisions in certain workweeks.

**B. The Court Should Grant Leave To Amend The Complaint To Allege The Retaliatory Discharge Of Mr. Rodriguez**

The FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act", 29 U.S.C. §215(a)(3). The participation of Mr. Rodriguez as a Plaintiff in this action is protected activity.

To prove a causal connection between his protected activity and an adverse personnel action an employee claiming retaliation must demonstrate that the protected activity and the adverse action "were not wholly unrelated" Clover v. Total System Services, 176 F.3d 1346, 1354 (11th Cir. 1999). This

element is satisfied if Plaintiff presents evidence that the decision-maker became aware of the protected conduct and that there was "close temporal proximity" between this awareness and the adverse employment action.  Farley v. Nationwide Mutual Insurance Co., 197 F. 3d 1322, 1337 (11th Cir. 1999).

Defendant became constructively aware that Mr. Rodriguez was a Plaintiff on January 11, 2000, when the Complaint and Summons were served on its Registered Agent.  Mr. Rodgriguez alleges that approximately one month later the Defendant attempted to transfer him from the post where he had served for a lengthy period; when he objected, Defendant relented for a short period, then fired him without notice the following month.  This is sufficient to shift the burden to the Defendant to articulate some non-retaliatory reason for his transfer and termination.  Farley, supra.

Mr. Rodriguez should be allowed to supplement his pleadings in this matter to allege the retaliatory discharge as it will enable him to litigate all of his claims against Barton Protective Services in a single action.

## CONCLUSION

For the reasons set forth above, the Court should grant the Plaintiffs leave to file the proposed Amended Complaint submitted herewith.

Respectfully submitted this 16th day of October, 2000.

>DONALD R. McCOY, P.A.
>420 N.E. Third Street
>Ft. Lauderdale, Florida 33301
>
>Telephone: (954) 522-4211
>Telecopier: (954) 523-3240
>
>By _____
>     Donald R. McCoy
>
>Florida Bar No. 887862
>Attorney for Plaintiffs

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Christine L. Welstead, Esq., AKERMAN, SENTERFITT & EIDSON, P.A., SunTrust International Center, 28th Floor, One Southeast Third Avenue, Miami, Florida 33131-1704 by telefax and by mail this 16th day of October, 2000.

_____

-8-

Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211