UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6018-CIV-GRAHAM

VICTOR L. ANDERSON, CRISPINA ASHBY,
JAMIE ELLIS, GEORGE RODRIGUEZ,
HAYES D. SULLIVAN, and CHERRY FAULK,

    Plaintiffs,

vs.

BARTON PROTECTIVE SERVICES INCORPORATED,

    Defendant.
_____/



## AMENDED COMPLAINT

Plaintiffs VICTOR L. ANDERSON, CRISPINA ASHBY, JAMIE ELLIS, GEORGE RODRIGUEZ, HAYES D. SULLIVAN, and CHERRY FAULK, for and in behalf of themselves and other employees similarly situated, sue the Defendant BARTON PROTECTIVE SERVICES INCORPORATED and allege:

1. This is an action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., hereinafter referred to as "the Act."



Law Offices of Donald R. McCoy • 420 N.E. 3rd St., Ft. Lauderdale, FL 33301 • (954) 522-4211

2. Jurisdiction of this action is conferred upon the Court by section 16(b) of the Act [29 U.S.C. 216 (b)] and by 28 U.S.C. 1331.

3. Defendant BARTON PROTECTIVE SERVICES INCORPORATED, is a Georgia corporation with its principal office address located at 11 Piedmont Center, Suite 410, Atlanta, Georgia 30305. At all times material to this action the Defendant was engaged in providing security guards and protective services to business establishments, manufacturing facilities and residential properties.

4. At all times material to this action, Defendant has done business and is doing business in Broward County, Florida; Palm Beach County, Florida; and Dade County, Florida within the jurisdiction of this Court. Defendant maintains branch offices within the state of Florida, including but not limited to branch offices in Deerfield Beach, Florida and Miami, Florida.

5. The Plaintiffs are individuals who were employed by the Defendant as security officers during the respective periods set forth below. At all times material to their respective causes of action, each Plaintiff resided in and/or was employed by the Defendant in, Broward County, Florida.

6. At all times material to this action the business activities of the Defendant, including those described in paragraphs 3, 4 and 5 above, were related and performed (through unified operation and common control) for a common business purpose. Said business activities, therefore, are and were an "enterprise" within the meaning of §3(r) of the Act [29 U.S.C. 203(r)].

7. At all times material to this action, the said enterprise had employees engaged in commerce or in the production of goods for commerce, including (a) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce and (b) employees in closely related occupations directly essential to the production thereof.

8. At all times material to this action, the said enterprise had an annual gross volume of sales made or business done which was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

9. The said enterprise is, and at all times material to this action, has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of §3(s)(1) of the Act [29 U.S.C. 203(s)(1)].

10. Defendant employed Plaintiff VICTOR L. ANDERSON as a security officer and as a captain during the period from on or about January 21, 1999 through the present.

11. Defendant employed Plaintiff CRISPINA ASHBY as a security officer during the period from on or about June 26, 1997, through approximately August, 1999.

12. Defendant employed Plaintiff JAMIE ELLIS as a security officer and as a sergeant during the period from on or about December 3, 1998, through approximately May, 1999.

13. Defendant employed Plaintiff GEORGE RODRIGUEZ as a security officer and as a supervisor during the period from approximately December, 1997, through March 2, 2000, when the Defendant terminated his employment.

14. Defendant employed Plaintiff HAYES D. SULLIVAN as a security officer during the period from on or about March 22, 1997, through the present.

15. Defendant employed Plaintiff CHERRY FAULK as a security officer during the period from on or about June 13, 1999, until on or after July 22, 2000.

16. Defendant employed each Plaintiff during his or her respective period of employment in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours in certain workweeks.

17. During their respective periods of employment and continuing to the present the Defendant failed to pay the Plaintiffs compensation for all of their hours of employment in excess of forty hours in certain workweeks at a rate not less than one and one-half times the respective regular rate at which he or she was employed, as required by the overtime provisions of §7(a) of the Act [29 U.S.C. 207(a)].

18. Among other things, Defendant required all security officers, including but not limited to the Plaintiffs, to report for duty fifteen (15) minutes prior to the starting time for their assigned shifts to be briefed and receive

information from the shift they were relieving, to review instructions and incident reports and to perform other compensable work which was an integral part of the principal activities they were employed to perform. Defendant failed to record or pay for such compensable work time, and therefore failed to pay the Plaintiffs overtime compensation for all of their time in excess of forty hours in certain workweeks.

19. Defendant required certain of the Plaintiffs to perform other compensable work which was an integral part of the principal activities they were employed to perform, without recording or paying for such time. Additional unpaid overtime compensation is due for such compensable, unpaid working time which includes but is not limited to time spent attending mandatory meetings, training programs and similar activities directly related to the Plaintiffs' jobs and predominately for the benefit of the employer; conducting post inspections; preparing and submitting payroll and other documents; and picking up and distributing paychecks.

20. In certain workweeks the Defendant reduced the hourly rate of pay to certain of the Plaintiffs to the minimum wage, but failed to pay minimum wages to them for all of the time they worked, resulting in failure to pay them for their employment at a rate not less than that required by §6 of the Act, 29 U.S.C. §206.

21. Plaintiffs are informed and believe, and therefore allege that, during the same periods and continuing through the present, Defendant employed other

employees in similar positions and under similar circumstances, for workweeks longer than forty (40) hours without paying them compensation for all of their hours of employment in excess of forty (40) hours in certain workweeks at a rate not less than one and one-half times the respective regular rate at which each was employed, as required by §7(a) of the Act and without paying them the minimum wages required by §6 of the Act [29 U.S.C. 206 and 207(a)].

21. As a result, Defendant is liable to Plaintiffs and to its other similarly situated employees for unpaid minimum wages and overtime compensation in an amount to be determined by the Court and an additional equal amount as liquidated damages, as well as for a reasonable attorney's fee and the costs of this action, as provided in §16(b) of the Act [29 U.S.C. 216(b)].

22. On or about March 2, 2000, the Defendant discharged or otherwise discriminated against Plaintiff George Rodriguez because he instituted or caused to be instituted this proceeding under the Act, in violation of §15(a)(3) [29 U.S.C. 215(a)(3), for which additional damages are claimed.

23. Defendants have violated and are violating the provisions of §§11(c) and 15(a)(5) of the Act [29 U.S.C. 211(c) and 215(a)(5)] by failing to make, keep and preserve such records as are prescribed by the Secretary of Labor under the Act, in that the Defendant failed to record and pay for all hours worked by the Plaintiffs and its other similarly situated employees.

24. Each cause of action for unpaid overtime compensation or minimum wages alleged herein is a cause of action arising out of a willful violation of the

Act, within the meaning of §6(a) of the Portal-to-Portal Act of 1947 [29 U.S.C. 255(a)].

WHEREFORE, cause having been shown, Plaintiffs pray for judgment against the Defendant and in favor of Plaintiffs and such other similarly situated employees and former employees of the Defendant who consent in writing to become a party to this action, as provided in section 16(b) of the Act [29 U.S.C. 216 (b)] in the respective amounts of unpaid minimum wages, overtime compensation and liquidated damages each is due under the Act, plus a reasonable attorney's fee and the costs of this action, and for such other and further relief as is provided in the Act, including employment, reinstatement, lost wages and an additional amount as liquidated damages as are due Plaintiff George Rodriguez arising from Defendant's illegal discharge of him.

### JURY DEMAND

Plaintiffs demand trial by jury as to all issues alleged above.

Respectfully submitted this 16th day of October, 2000.

DONALD R. McCOY, P. A.
420 N. E. Third Street
Fort Lauderdale, Florida 33301
(954) 522-4211

Attorney for Plaintiff

By_____
Donald R. McCoy
Florida Bar No. 887862

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Christine L. Welstead, Esq., AKERMAN, SENTERFITT & EIDSON, P.A., SunTrust International Center, 28th Floor, One Southeast Third Avenue, Miami, Florida 33131-1704 by telefax and by mail this 16th day of October, 2000.